UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. CR21-57 RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER DENYING REQUEST TO |
| CURTIS G. SNIPES, | ) REOPEN DETENTION HEARING |
| | ) |
| Defendant. | ) |
| | ) |

This matter comes before the Court on Defendant's motion to reopen his detention hearing.[1]  Dkt. 95.  Defendant argues that release is appropriate because he is the only person charged in his conspiracy remaining detained, his prostate condition is worsening, and he has two potential release addresses.  *Id*. at 2.  The government opposes the motion.  Dkt. 102, 103.

The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby DENIES the motion for the reasons stated

---

[1] The Court notes that Defendant's motion is titled "Motion to Amend Conditions of Release" pursuant to 3145(b), and "moves this Court to set a detention review hearing."  Dkt. 95 at 1.  Such a motion is untimely, pursuant to Rule 59(a) and MJR 12(c).  However, because the content of the motion appears to be a request to reopen the detention hearing, the Court will proceed according to 18 U.S.C. § 3142(f)(2).

ORDER DENYING REQUEST TO REOPEN DETENTION
HEARING
PAGE -1

herein.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 31, 2021, Defendant was indicted on charges of Conspiracy to Distribute Controlled Substances, Distribution of Cocaine and Felon in Possession of a Firearm. Dkt. 1. The indictment was one of many spread over four months charging Defendant and others with conspiracy to distribute controlled substances, among other charges. The Indictment alleged that the Defendant's involvement in the conspiracy involved 500 grams or more of cocaine, triggering a five-year mandatory minimum sentence if convicted. Dkt. 1; 21 U.S.C. § 841(a)(1), (b)(1)(B).

Defendant made his first appearance before the Honorable J. Richard Creatura on April 7, 2021, and the government filed a motion for detention. Dkt. 33. The Detention Hearing was held on April 13, 2021. Dkt. 55. The Honorable J. Richard Creatura ordered the defendant detained pending trial and issued a detention order, noting that the presumption of detention applied pursuant to 18 U.S.C. § 3142(e)(3), and stating that Defendant posed a danger based up the "serious nature of the charges and large amount of drugs found at the time of arrest", and that Defendant posed a risk of non-appearance because "Defendant has various residences and alias names. Defendant was not truthful as to where he resides." Dkt. 56.

## DISCUSSION

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a

material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). However, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . or an offense under section 924(c) . . . of title 18 of the United States Code . . .
>
> 18 U.S.C. § 3142(e).

In this case, the Defendant does not challenge the findings of Magistrate Judge J. Richard Creatura in the Detention Order regarding the nature and circumstances of the alleged offense involving a large amount of drugs, or that Defendant has various residences and alias names and was not truthful as to where he resides. The only bases for reopening the detention order relied upon by Defendant are that he is the only person in his conspiracy that is still detained, his prostate condition is worsening, and he has two potential release addresses. Dkt. 95 at 2. None of these arguments are availing.

First, the detention status of co-defendants is not relevant to a finding of whether a

ORDER DENYING REQUEST TO REOPEN DETENTION
HEARING
PAGE -3

particular defendant poses a risk of flight or danger to the community.[2]  Second, nothing in the record supports Defendant's argument that release is necessary to address his enlarged prostate or sleep apnea, or that relevant testing is unavailable at the Federal Detention Center (FDC).  Dkt. 95 at 8.  A review of Defendant's medical records demonstrate Defendant's access to both regular care and testing.   The Defendant complained of rectal pain on June 10 and 15, 2021, and was found to have an enlarged prostate.   Dkt. 102, Ex. B at 13, 36-37.  The medical provider prescribed a medication, ordered lab testing, and planned a reassessment.  *Id.*   On June 30, the defendant declined a rectal examination to further evaluate the issue.  *Id.* at 3.   Other testing has been ordered, including an x-ray to assess back pain and a CT scan to assess Defendant's left side pain and decreased urinary flow.  *Id.* at 18-19.

Regarding his sleep apnea, the Defendant told the FDC medical staff during his intake examination that he had been diagnosed with the condition in 2006 or 2007, but did not know the setting for his CPAP, and described his condition as "mild."   Dkt. 102, Ex. B at 17, 26.  Defendant points to nothing in the record to demonstrate the unavailability of necessary treatment at the FDC for his sleep apnea.   Courts have rejected claimed medical needs as a basis for release.  *See, e.g. United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir.

---

[2] A Court deciding a detention issue is to consider the following factors: (1) the "nature and circumstances of the offense charged," (2) the "weight of the evidence against" the defendant, (3) the "history and characteristics" of the defendant, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

ORDER DENYING REQUEST TO REOPEN DETENTION
HEARING
PAGE -4

1990)("The evidence of a medical condition presented by Koenig does not indicate an emergency, or a condition that would necessarily inhibit flight").

Finally, Defendant identifies two addresses as appropriate for release. Neither present new information that would merit reopening the detention hearing. The first appears to be the residence that Defendant presented for release at the time of the original Detention Hearing. Dkt. 102 at 10-11. The second location appears to be a residence Defendant was associated with at the time of his arrest where drugs and a firearm were located by law enforcement. *Id.*

The Court further finds that Defendant's allegations do not rise to the level of being material to the issue of detention or release when considered in light of the facts relevant to the 18 U.S.C. § 3142(g) factors discussed below. Defendant has a significant criminal history including a federal conviction for conspiracy to distribute cocaine base, with a sentence of 135 months. Dkt. 51. The current alleged offense involves both a large amount of drugs and firearms. As Magistrate Judge J. Richard Creatura found at the time of the original Detention Hearing, Defendant has various residences and alias names and was not truthful as to where he resides.

Defendant's criminal history (involving a prior federal controlled substances felony), the nature and circumstances of the case (allegedly involving significant amount of drugs and firearms), his multiple residences and failure to be honest with pre-trial services, establish that

///

///

ORDER DENYING REQUEST TO REOPEN DETENTION HEARING
PAGE -5

01  Defendant cannot overcome the presumption that he is both a risk of flight and a danger to the

02  community.

03      The motion is DENIED.

04      DATED this 15th day of September, 2021.

*[signature: Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING REQUEST TO REOPEN DETENTION
HEARING
PAGE -6